# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT JACKSON

Assigned on Briefs June 23, 2026 at Knoxville

## STATE OF TENNESSEE v. SARAH ELAINE SMITH

**Appeal from the Circuit Court for Henderson County**
**No. 24-235-3          Kyle C. Atkins, Judge**

_____

## No. W2025-01343-CCA-R3-CD

_____

The Defendant, Sarah Elaine Smith, pled guilty to two counts of attempted aggravated assault and one count each of reckless endangerment with a deadly weapon, leaving the scene of an accident involving personal injury or death, leaving the scene of an accident involving property damage in excess of $1,500, reckless driving, failure to exercise due care, and failure to maintain lane, for which the trial court imposed an effective sentence of one year of supervised probation.  Following a restitution hearing, the trial court ordered the Defendant to pay $16,250 in restitution in installments of $200 per month.  The Defendant appeals, arguing that the restitution award is unreasonable, that she will be unable to pay the full amount of the restitution award by the end of her probationary sentence under her current payment schedule, and that the trial court erred by failing to consider her financial resources and ability to pay the restitution award.  Following our review, we reverse the trial court's restitution order and remand for entry of a revised restitution order.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded**

STEVEN W. SWORD, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Joshua L. Phillips, Lexington, Tennessee, for the appellant, Sarah Elaine Smith.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Chadwick R. Wood (at the sentencing hearing) and Shaun Brown (at the guilty plea), Assistant District Attorney Generals, for the appellee, State of Tennessee.

## OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

On October 1, 2024, a Henderson County grand jury returned an eight-count indictment charging the Defendant with two counts of aggravated assault by reckless conduct and one count each of reckless endangerment with a deadly weapon, leaving the scene of an accident involving personal injury or death, leaving the scene of an accident involving property damage in excess of $1,500, reckless driving, failure to exercise due care, and failure to maintain lane. The facts underlying these charges arose from a September 4, 2023 traffic incident involving the Defendant and Walter and Chestine Brewer.

On April 11, 2025, the Defendant entered a best interest guilty plea to two counts of attempted aggravated assault by reckless conduct and all the remaining counts as charged. At the guilty plea submission hearing, the Defendant stipulated that the facts contained in the indictment regarding the offenses were "at least substantially correct." Pursuant to a plea agreement, the trial court merged the Defendant's convictions of leaving the scene of an accident involving personal injury or death and leaving the scene of an accident involving property damage in excess of $1,500. The trial court imposed an effective sentence of one year suspended to supervised probation. Pursuant to the Defendant's plea agreement, the trial court ordered the Defendant to begin paying $200 per month "after release or plea" towards her "fines, costs, and restitution." The parties agreed that the trial court would determine restitution following a hearing.

The trial court held a restitution hearing on July 21, 2025. Mr. Brewer testified that the Defendant's convictions stemmed from a "wreck out on the interstate." Mr. Brewer stated that, following the wreck, he submitted a claim under his automotive insurance policy to State Farm Insurance (State Farm). State Farm determined that Mr. Brewer's vehicle, a 2021 Nissan Frontier, was completely totaled. The State introduced a letter from State Farm addressed to Mr. Brewer which assessed his 2021 Nissan Frontier's actual cash value at $28,086. Mr. Brewer testified that he paid $250 towards his automotive insurance policy's deductible following the wreck and that State Farm ultimately issued him a check for $29,902.02. He also stated that he had completely paid off the loan on his 2021 Nissan Frontier prior to the wreck.

Mr. Brewer testified that, following the wreck, he had to replace his totaled 2021 Nissan Frontier with another vehicle. The State introduced a bill of sale from Wyatt Johnson Toyota, which stated that Mr. and Mrs. Brewer purchased a used 2022 Ford Ranger by paying $46,365.55 in cash on October 26, 2023. Mr. Brewer estimated that replacing his 2021 Nissan Frontier with the 2022 Ford Ranger cost him approximately

$16,000 in out-of-pocket expenses and requested that the Defendant pay restitution "for what it cost to get [him] back on the road." On cross-examination, Mr. Brewer agreed that State Farm had paid him for the full value of his 2021 Nissan Frontier.

In closing arguments, the Defendant argued that Mr. Brewer was "paid in full" by State Farm and nevertheless chose to purchase a vehicle that cost more than his previous vehicle. She contended that she should not incur the costs of Mr. Brewer's "decision to purchase a more expensive vehicle." She asserted that "restitution has been paid" and requested the trial court set the restitution award "at the amount that's already been paid." The State responded that Mr. Brewer had not purchased a "brand new" vehicle and that restitution would be appropriate to permit him to "be made whole."

Following arguments and the presentation of proof, the trial court ordered the Defendant to pay $16,250 in restitution. The trial court found that this amount included the difference between the cost of Mr. Brewer's totaled 2021 Nissan Frontier and the 2022 Ford Ranger he purchased to replace it, as well as the $250 deductible. The trial court also found that Mr. Brewer's choice of a replacement vehicle was "very reasonable." The trial court ordered the Defendant to make payments towards the restitution order in the amount of $200 per month. This timely appeal followed.

## II.    ANALYSIS

On appeal, the Defendant argues that the restitution award is unreasonable, that she will be unable to pay the full amount of the restitution award by the end of her probationary sentence under her current payment schedule, and that the trial court erred by failing to consider her financial resources and ability to pay the restitution award. The State concedes that reversal is necessary to modify the Defendant's payment schedule but otherwise argues that the restitution order was reasonable and that the trial court was not required to consider the Defendant's financial resources or ability to pay the restitution award.

In criminal cases, restitution serves the dual functions of compensating victims of crimes and of punishing and rehabilitating offenders. *State v. Cavin*, 671 S.W.3d 520, 528 (Tenn. 2023). Restitution is required for certain offenses and is otherwise frequently imposed as an alternative to incarceration and as a condition of probation. *Id.*; *see also* Tenn. Code Ann. § 40-35-104(c)(2), 304(a). Restitution is designed to compensate for a victim's pecuniary losses stemming from the criminal offense or offenses. Tenn. Code Ann. § 40-35-304(b). Pecuniary loss includes "[a]ll special damages, but not general damages," and the "[r]easonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense." *Id.* -304(e)(1)(A), (B). In this context, special damages are the "specifically claimed and proved damages that are alleged to have been sustained in the circumstances

of a particular wrong." *Cavin*, 671 S.W.3d at 529 (quoting *Damages*, Black's Law Dictionary (11th ed. 2019)) (internal quotation marks omitted); *see also State v. Creasman*, No. E2004-00800-CCA-R3-CD, 2005 WL 946753, at *4 (Tenn. Crim. App. Apr. 25, 2005) (defining special damages as "those that are actually a result of the crime and those which follow as 'a natural and proximate' consequence thereof."), *no perm. app. filed*.

The State bears the burden of proving a victim's pecuniary losses. *Cavin*, 671 S.W.3d at 529. Our Code does not provide for a formula by which a trial court may arrive at an appropriate restitution amount; nevertheless, "the sum must be reasonable." *State v. Mathes*, 114 S.W.3d 915, 919 (Tenn. 2003). The trial court must consider the proof of the victim's pecuniary losses; it "may" also, in its discretion, consider the defendant's financial resources and future ability to pay or perform. Tenn. Code Ann. § 40-35-304(b), (d). The trial court may permit a defendant to pay or perform restitution in installments, but the payment or performance schedule may not extend "beyond the statutory maximum term of probation supervision that could have been imposed for the offense," and "any payment or performance schedule established by the court shall not extend beyond the expiration date" of a defendant's term of supervised probation. *Id.* § 40-35-304(c), (g)(2).

We review a trial court's restitution order for an abuse of discretion accompanied by a presumption of reasonableness. *See Cavin*, 671 S.W.3d at 528; *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A trial court abuses its discretion in the context of sentencing determinations by applying an incorrect standard of law, reaching an illogical conclusion, basing its ruling on an erroneous assessment of the evidence, or reaching a decision contrary to logic or reasoning that causes prejudice to the complaining party. *State v. Bonds*, 502 S.W.3d 118, 166 (Tenn. Crim. App. 2016) (citing *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). The appellant bears the burden of proving the trial court abused its discretion. *See State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

The Defendant first argues that the trial court abused its discretion by ordering her to pay $16,250 in restitution. She contends that the restitution award exceeds the pecuniary losses she caused to Mr. Brewer because Mr. Brewer purchased a vehicle which exceeded the value of the vehicle which was totaled in the wreck. The State responds that the trial court did not abuse its discretion in finding that Mr. Brewer's choice of a replacement vehicle was "very reasonable."

Following our review of the record, we agree with the Defendant. At the restitution hearing, Mr. Brewer testified that State Farm had valued his 2021 Nissan Fronter at $28,086 and issued him a check to reimburse him for the vehicle's value and other associated expenses in the amount of $29,902.02. He further testified that he replaced his 2021 Nissan Frontier with a used 2022 Ford Ranger, valued at $46,365.55, that the replacement cost approximately $16,000 in out-of-pocket expenses, and that he paid $250

to State Farm towards his automotive insurance policy's deductible. The trial court relied upon this testimony in setting the restitution award at $16,250, which it explained was the "difference in the cost plus the deductible that he paid." When the Defendant interjected that Mr. Brewer's "decision to buy a more expensive vehicle should not have the cost incurred on [her]," the trial court stated,

> I don't think Mr. Brewer did anything outrageous, just looking at the car he bought. He might have bought a less expensive vehicle than what he had. He had a Nissan Frontier that had 9,000 miles on it and he bought a . . . 2022 Ford Ranger, which is one year older. . . . I mean, that just seems very reasonable to me[,] so I'm going to stick with what I said.

Thus, the trial court supported its valuation of the "difference in the cost" between the 2021 Nissan Frontier and the 2022 Ford Ranger by concluding that Mr. Brewer's choice of a replacement vehicle was very reasonable.

But the State adduced no proof at the restitution hearing to support the trial court's finding that Mr. Brewer's choice of a replacement vehicle was very reasonable or its determination of Mr. Brewer's pecuniary loss, and our review of the record does not support its findings. Mr. Brewer did not testify that the 2022 Ford Ranger was in any way comparable to the 2021 Nissan Frontier, which was totaled due to the offenses in this case. The State also did not argue that the difference between the values of the two vehicles was "a natural and proximate" consequence of the offense. *Creasman*, 2005 WL 946753, at *4. When confronted with the Defendant's argument that Mr. Brewer had already been "paid in full" for the value of the totaled vehicle and that she should not be liable for Mr. Brewer's decision to purchase a vehicle which exceeded that value by $16,000, the State responded, "We're not talking about [a] brand new F-250 or anything. [Mr. Brewer's] just trying to get himself back and be made whole." However, the evidence adduced at the sentencing hearing merely established that Mr. Brewer elected to purchase a replacement vehicle that exceeded the value of the totaled vehicle by more than $16,000, not that his choice of vehicle was reasonable or that an award of $16,000 would serve to "make him whole." The proof in the record supported a finding that the insurance company had established the totaled vehicle's market value and the victim's deductible amount. There were no findings or additional proof to explain the extra $16,000 in restitution.

We reiterate that the sum of any restitution order must be reasonable and supported by the record. Tenn. Code Ann. § 40-35-304(e)(1) (requiring that a trial court's determination of a victim's pecuniary losses for purposes of restitution be "substantiated by evidence in the record or as agreed to by the defendant"); *Mathes*, 114 S.W.3d at 919. The trial court's conclusion that Mr. Brewer's choice of a replacement vehicle was very reasonable was simply not supported by the record. Because the record does not support

the trial court's valuation of Mr. Brewer's pecuniary loss, the trial court abused its discretion in ordering the victim to pay $16,250 in restitution. *See State v. Saffles*, No. E2020-01116-CCA-R3-CD, 2021 WL 4075030, at *9 (Tenn. Crim. App. Sept. 8, 2021) (reversing a trial court's restitution order where "the trial court simply accepted, without question, [the victim's] testimony regarding her pecuniary loss" and "did not make appropriate findings regarding the victim's pecuniary loss."), *no perm. app. filed*; *see also State v. Heatherly,* No. M2023-00264-CCA-R3-CD, 2024 WL 3085095, at *4 (Tenn. Crim. App. June 21, 2024) ("[W]hile a victim's testimony alone may be sufficient to establish special damages for purposes of restitution, general statements regarding the amount of loss without explanation as to how the value was determined are insufficient."), *no perm. app. filed*. Here, the only damage subject to restitution, as supported by the record, is the $250 deductible not covered by the victim's insurance. Accordingly, we reverse the trial court's restitution order and reduce the award to $250.

Having determined that reversal is required, we need not consider the Defendant's remaining arguments regarding the restitution order. Nevertheless, in the interest of judicial economy and in the event of further appellate review, we will address them.

The Defendant also argues that the trial court abused its discretion by imposing a payment schedule under which she will be unable to pay the full restitution award before her sentence expires. The State concedes error. As noted above, the trial court may permit a defendant to pay or perform restitution in installments, but the payment or performance schedule may not extend "beyond the statutory maximum term of probation supervision that could have been imposed for the offense," and "any payment or performance schedule established by the court shall not extend beyond the expiration date" of a defendant's term of supervised probation. Tenn. Code Ann. § 40-35-304(c), (g)(2). "In other words, the court must set a restitution amount that the defendant can reasonably pay within the time that he will be under the trial court's jurisdiction." *State v. Bohanon*, No. M2012-02366-CCA-R3-CD, 2013 WL 5777254, at *6 (Tenn. Crim. App. Oct. 25, 2013), *no perm. app. filed*. Of course, a trial court is not required to permit a defendant to pay restitution in installments, and if no payment schedule is specified, restitution must be paid by the conclusion of the defendant's sentence. *State v. Gevedon*, 671 S.W.3d 537, 542 (Tenn. 2023) (citing Tenn. Code Ann. § 40-35-304(g)(2)). Any unpaid balance of a restitution award remaining at the conclusion of a restitution payment schedule may be converted into a civil judgment, but "the amount ordered in the first place must be reasonable and in accordance with statutory requirements." *Bohanon*, 2013 WL 2777254, at *8.

In this case, the trial court imposed a sentence of one year of supervised probation and ordered the Defendant to pay $16,250 in restitution in monthly payments of $200. Because the Defendant cannot reasonably satisfy the total amount of restitution the trial court ordered her to pay before the expiration of her sentence while remaining in

compliance with the payment schedule imposed, the trial court abused its discretion in imposing that schedule.

Lastly, the Defendant contends that the trial court abused its discretion by failing to consider her financial resources and future ability to pay in determining the restitution award. Previously, the criminal restitution statute provided that "[i]n determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform." Tenn. Code Ann. § 40-35-304 (2019) (subsequently amended). As of January 1, 2022, the statute no longer requires consideration of a defendant's financial resources or future ability to pay or perform and provides that the consideration is discretionary. *See id.* § 40-35-304 (2022). The underlying offenses in this case occurred on September 4, 2023, following the January 1, 2022 amendment to the restitution statute. Accordingly, the trial court was not required to consider the Defendant's financial resources or future ability to pay or perform the restitution award. Regardless, the Defendant adduced no proof of nor presented arguments regarding her ability to pay the restitution award at the sentencing hearing. The Defendant is not entitled to relief on this basis.

### III.    CONCLUSION

Following our review of the record and based upon the foregoing analysis, we reverse the trial court's restitution order and remand for entry of a revised restitution order in the amount of $250.

s/ *Steven W. Sword*
_____
STEVEN W. SWORD, JUDGE